Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise consists of pulpboard the same in all material respects as that the subject of *Mussman & Shafer, Inc.* v. *United States* (27 Cust. Ct. 28, C. D. 1343), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MARCH 25, 1952

**No. 56496.**—Enrico A. Stein *v.* United States, protests 128712–K (S) and 133465–K (S) (New York).

Opinion by EKWALL, J.   It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732.   In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 56497.**—Hirschberg Schutz & Co., Inc. *v.* United States, protests 167814–K (B) and 167814–K (C) (New York).

Opinion by EKWALL, J.   It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732.   In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 56498.**—W. N. Modglin & Co. *v.* United States, protest 899311–G (Los Angeles).

Opinion by JOHNSON, J.   At the trial it was established that the duty and internal revenue taxes were assessed on the same quantity, to wit, 624 gallons, which was the full quantity contained in 260 cases.   Further, it was admitted that 54 bottles, each containing a fifth of a gallon, were broken.   In view of the evidence presented it was held that duty and internal revenue taxes were not